IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

MACK JONES
   V
JOSEPH GANSKY, JOSEPH GEORGE,
MATTHEW TOBIE, CHRISTOPHER GRAYO,
JILLIAN FOX, DALE KEDDIE,
DOGLAS MURAGLIA, ET.AL.

42 u.s.c. 1983

CIVIL ACTION NO._____

## JURISDICTION AND VENUE

NOW COMES, Mack Jones(herein after) The Plaintiff, as an aggrieved party, authorized by 42 u.s.c. § 1983 to redress the deprivations under color of state law of rights secured by the United states constitution. This court has jurisdiction under 28 u.s.c. § 1331 & 1343(a)(3). The Plaintiff remedy and compensation for [d]efendants in their individual and official capacity.

The United States District Court Of Pennsylvania is an appropiate venue under 28 u.s.c. § 1391(b)(2) because it is where the events giving rise to this claim.

The Plaintiff seeks declartory relief pursuant to 28 u.s.c. § 2201 & 2202. Also authorized by 28 u.s.c. § 2283 & 2284 and rule 65 of the Federal Rules Of Civil Procedures.

## PLAINTIFF

Mack Jones a/k/a MATT JONES, 76957-066. He is currently confined in F.C.I. Bennetsville in Bennetsville, South Carolina.

## DEFENDANTS

2. Defendant Joseph Gansky is corporal sergeant with Bensalem Township Police Department(herein after)BTPD.

3. Defendant Joseph George is a detective with the Philadelphia Police District(herein after) PPD.

4. Defendant Matthew Tobie is a detective with BTPD.

5. Defendant Christopher Grayo is a Police officer with BTPD.

6. Defendant Jillian Fox is a Police officer with BTPD.

7. Defendant Dale Keddie is a detective/DEA with the Bucks County, Pennsylavania's district attorney's office

8. Defendants unknown to The Plaintiff but was in concert with the named defendants herein are too liable jointly and severally of injuries to The Plaintiff.

9. At all times acting under color of state law in concert with one

1

another agreed to use a ruse for entry into The Plaintiff's residence The ruse is unfounded by law. The [d]efendant(s) conduct resulted in violating The Plaintiff's fourth amendment rights of an unreasonable search and seizure.

10. The defendants had no arrest warrant for The Plaintiff nor they had a search warrant for his residence. Wit their razor sharp actions, the defendants knowingly and deliberately ignored the fact that the constitution of the fourth amendment regulates how to enter a third party's home. see:stegald v United States.

11. The defendants together maliciously initiated a prosecution against The Plaintiff, violating his fourth amendment. They waited for Carol Lucy to be at The Plaintiff's residence before they arrested her with the hopes of seeing something that can cause for a search of The Plaintiff's residence by way of magistrate.

12. The defendants jointly and severally abused the process of them being state actors of the law. They used a unfounded ruse to lead them to a place where they knew that they did not belong. This unlawful entry is what furnished their probable cause. according to the record of corporal Gansky the unfounded ruse has been systemic and reoccurring with the Bensalem Township Police Department.

13. Doglas Murglia is a detective with the New Jersey State Police He is acting under state law wit the above mentioned defendants

FACTS

14. The investigaton began in January of 2018 when a confidential source known to the New Jersey State Police alerted law enforcement about a woman named "Carol Lucy" from Philadelphia who had access to large quantities of marijuana and heroin. NJSP approved an investigation, led by Douglas Muraglia.

15. During the investigation, it was learned by law enforcement officers including the named defendants herein that Carol Lucy resided at 1751 Foster street,apartment C8-B,Philadelphia,PA.

16. Carol Lucy sold heroin directly to a cooperating witness twice: On January 31, 2018, and Febuary 15, 2018. Both times she was alone and these transactions happened at the Cherry Hill Mall in Cherry Hill, New Jersey. The Plaintiff was not present for either of these sales.

17. There was a third sale to the cooperating witness and the sale was made at the Franklin Mills Mall in Philadelphia by Taylor Wood on March 15, 2018. Prior to this sale, The Plaintiff was seen by law enforcement with Ms. Wood, however,there was again no direct contact between the cooperating witness and The Plaintiff.

18. Because of Carol drug sales in New Jersey on June 29,2018, New Jersey State Police(NJSP) applied for and obtained a warrant of arrest for Carol Lucy. The warrant was issued in Camden County, New Jersey.

19. No arrest warrant was sought for The Plaintiff. No search warrant was sought for any premises.During the investigation it was learned

2

that The Plaintiff resided at 108 Federal street Bensalem,PA.

20. On July 9,2018, The Superior Court Of New Jersey issued a ping order allowing investigators to electronically locate Carol Lucy's cellular phone,presumably giving them real time information as to the location of the cell phone.

21. On July 11,2018 at 9:30pm,through electronic surveillance,Carol's cellular phone was located within her residence 1751 Foster street [see:exhibit A-1.]

22. For some reason the investigating officers including the named defendants herein had real time data where Carol was at all time,however they delayed to arrest her at her home.

23. On July 17,2018at 1:30am through electronic surveillance,the investigating officers including the named defendants located Carol Lucy's cellular phone was ping/tracked to 108Federal street Bensalem,PA. [see:exhibit A-2]

24. On July 17,2018 eight hours later at 9:30am,in which is more than enough time to seek a search warrant for The Plaintiff's residence numerous lawenforcement officers including the named defendants,from NJSP,BTPD,PPD officers converged on 108 Federal street.

25. The defendants have no arrest warrant for The Plaintiff nor do they have a search warrant for his residence. The defendants Gansky,George Tobie,Grayo,Muraglia,and Fox loudly banged on The Plaintiff's door until he was awakened.

26. When The Plaintiff answered his door in response to the emergency knocking,defendant Gansky dressed in his police uniform with his marked police car in front of the door of The Plaintiff started to explain to The Plaintiff that there was a abandoned 911 call from a woman screaming a man with a gun. Immediately defendant George also was explaining how troublesome the call was and they have to come into the residence to make sure that there were no injured people within.

27. Defendant Tobie,Grayo,Fox,and Muraglia was flanking The Plaintiff at his door while on his porch in rediness for any foul play as if there was really a screaming woman saying a man with a gun. In an effort without consent led by Defendant Gansky,they rushed into The Plaintiff's foyer.

28. The Plaintiff just backed up once the defendants showed a level of aggression that they was willing to harm The Plaintiff..The defendants started searching the residence with their guns out and set The Plaintiff on his couch and told him not to move until the defendants found probable cause to arrest him.

29. Allegedly their was a firearm in plain sight inside a room Carol was found asleep in.Because of this illegal entry and unreasonable search and seizure, a search warrant was applied for and obtained for 108 Federal street,where a significant amount of money,drugs,and

3

guns was unearthed and used to ultimately file a complaint against The Plaintiff in the United States District Court.

## EXHAUSTED LEGAL REMEDIES

30. The Plaintiff reallege and incorporate by reference paragraphs 1-29.

31. On the date of the illegal entry and search of The Plaintiff's residence July 17,2018,the Commonwealth of Pennsylvania commenced a criminal proceeding against The Plaintiff on the behalf of the entry and search.

32. On December 17,2018, The Plaintiff birthday,defendant Dale Keddie filed a complaint against The Plaintiff. The Commonwealth of Pennsylvania dismissed their charges against The Plaintiff.

33. On December 26,2018,The Plaintiff appeared before the Honorable Carol Sandra Moore Wells. The government introduced the evidence from 108 Federal street,illegal evidence. Dale Keddie purported false testimony that The Plaintiff gave consent for the defendants to come into the residence to make a search. Judge Wells found probable cause to exist see:ECF 10.

34. On January 16,2019,The Plaintiff,The Plaintiff was indicted see ECF 13

35. On January 24,2019,The Plaintiff appeared before the Honorable David R. Strawbridge. The Plaintiff pled not guilty to all counts see ECF 16

36. On April 12,2019,The Plaintiff filed a Motion to Suppress Physical Evidence,stating his fourth amendment rights were violated by the defendants see: ECF38

37. On April 26,2019, The govrnment filed a written response arguing against The Plaintiff's Motion to Suppress Physical Evidence see: ECF 39.

38. On May 2,2019, a hearing on the Motion to Suppress was held. At the end of the hearing the Court gave both The Plaintiff and the government time to submit additional memoranda in support of their positions. The government accepted see: ECF 41.

39. On June 19,2019,using the same Physical Evidence that is illegal,a superseding indictment was returned against The Plaintiff see: ECF 54

40. On June 25,2019 The Honorable Court of Barclay Surrick issued a Memorandum and order denying The Plaintiff Motion to Suppress Physical Evidence see: ECF58-59.

41. On June 26,2019 The Plaintiff was arraigned on the superseding indictment and pled not guilty of all counts see: ECF 84.

42. Trial for The Plaintiff began on October 7,2019 and ended October 10, 2019. The Plaintiff was found guilty of all counts see: ECF 84.

43. On Febuary 21,2020,The Plaintiff was sentenced by the Honorable Court to an aggregated sentence of 240 month see: ECF 105.

44. On March 5, 2020, The Plaintiff filed a timely notice of Appeal to the Third Circuit Court of Appeals see: ECF 110.

45. On December 24,2020 The Plaintiff filed his Brief with the Third Circuit of Appeals.

46. January 25,2021,the government reply brief was due.

47. On January 25,2019,the government requested,and was granted,an additional 21 days in which to file its brief. The government's brief was now due on or before Febuary 16,2021.

48. On Febuary 16,2021,the government again requested,and was granted,an additional 21 days in which to file its brief. The government's brief was now due on or before March 9,2021.

49. On March 9,2021,the government filed a Motion with the Third Circuit Court of Appeals requesting to be[e]xcused from having to file a brief because The Plaintiff's Motion to Suppress Physical Evidence should have been [g]ranted. And the government too requested for summary reversal and remand.

50. On March 29,2021, a Panel of the Third Circuit Court of Appeals granted the government's Motion for them not to file a brief and gave the summary reversal and remand for further proceedings.

51. On April 21, 2021, the Third Circuit Court of Appeals issued a formal mandate remanding the case to the Honorable Court of Barclay Surrick.

52. On september 8,2021, the Honorable Court set a new trial date for Febuary 7,2022 see: ECF 128.

53. On October 14,2021,the government put a Motion in for the Court to preserve the convictions of The Plaintiff on Counts Five through Seven and order a new trial as to Counts One through Four see: ECF 130.

54. On December 31,2021,The Plaintiff responded in opposition see: ECF 136.

55. On January 25,2022,the Court denied the Motion of the government and ordered The Plaintiff's convictions [v]acated see ECF 141-142.

56. On Febuary 22,2022,the government put in an unopposed motion to move the Court for dismissal of certain Counts of the Superseding Indictment

57. On May 20,2022 the honorable Court dismissed the Counts,trial was scheduled for August 22,2022.

58. On August 22,2022 Trial began and ended August 26,2022 where The Plaintiff was found guilt of Count one and seven.

59. Since May 20,2022 the dismissal of the charges of violation of The Plaintiff's Fourth amendment rights,this 42 u.s.c. § 1983 claim is ripe as it relates to the statue of limitation for its violations.

5

## LEGAL CLAIMS

60. The Plaintiff reallege and incorporate by reference paragraphs 1-59.

61. A. <u>Malicious Prosecution</u>-Defendant(s) Joseph Gansky(BTPD), Joseph George(PPD), Matthew Tobie(BTPD), Christopher Grayo(BTPD), Jillian Fox(BTPD), Douglas Muraglia(NJSP), Dale Keddie(Bucks County DA's office), and the other unnamed law enforcement officers who was in concert acting under color of state law along with the abovenamed officers.

62. The defendants had no arrest warrant for The Plaintiff nor search warrant for his residence. Therefore, even if there was reason to believe Carol Lucy was inside The Plaintiff's residence, the defendants knew that they were required to first obtain a search warrant before making an attempt to enter The Plaintiff's residence.

63. The defendants had previous knowledge that Carol Lucy resided at <u>1751 Foster street apartment C8-B. Why did the defendants wait until the one time Carol visit The Plaintiff</u> for an execution on her arrest ?

64. The defendants purposely and knowingly used Carol Lucy's arrest warrant as their own permission slip, and used her cellular phone as their own fishing rod and Carol as bait. The defendants acted as fisherman on a fishing expedition, seeking an unlawful reward.

65. The defendants were instrumental in putting the law in force against The Plaintiff. They created an exigency that necessitated them to enter The Plaintiff's residence by force and that is what they did.

66. Without adequate justification in according with the United States constitution, the defendants with a reckless disregard for the truth the defendants created a falsehood for a means to probable cause for an arrest of The Plaintiff. Also, the defendants purported a falsehood to the government that The Plaintiff gave them consent to enter into his residence, in which The Plaintiff denies ever giving the defendants permission.

67. The unlawful acts and omissions by the defendants against The Plaintiff violated The Plaintiff's fourth, fifth, and fourteenth amendments of the United States Constitution.

68. As a result of the defendants actions The Plaintiff proceedings has been prejudice to him since The defendants filed their complaint against Th Plaintiff.

69. The illegally obtained evidence has been used against The Plaintiff for consideration of the Indictment(s) against him. The defendants knows this, however, they persisted in pursuin The Plaintiff's case to keep him confined long after their change of position undermine probable cause.

70. The defendants are jointly and severally responsible for initiating criminal proceedings against The Plaintiff, in violations of his fourth amendment rights of keeping him confined to prison.

6

71. B. <u>Due Process Violation</u>-The defendants acting under color of law in concert with each other failed to recognize, respect, and uphold the absolute guaranteed and vested rights of The Plaintiff. The defendants transcended the jurisdiction of the magistrate and exceeded their authority when they all decided to make an entry without probabale cause or search warrant for his residence, in violation of the fourteenth amendment of The Plaintiff's right of due process.

72. The people's rights can only be taken from them by <u>due process</u> of law and in accordance with the constitution. <u>see: Hale v Henkel(1906)</u>.

73. C. <u>Illegal Seizure</u>-The defendants acting under color of law approached and <u>surrounded</u> The Plaintiff's residence, seizing him with no warrant for arrest or search for his residence. The Plaintiff liberty interest was taken from him. The Plaintiff's fourth amendment right was violated by the defendants named and unnamed herein. The defendants are jointly and severally responsible for not acting in accordance with the constitution of respecting The Plaintiff's rights.

74. D. <u>Illegal Entry</u>-The defendants acting under color of law had knowledge that <u>a home may not</u> be entered without a search warrant even if they have an arrest warrant for a person who is a visitor in the home.

75. Instead the defendants depend on the fix rules or procedures of the constitution, they made their own discretion in determining how to enter The Plaintiff residence. This kind of arbitrary act is against the fourth amendment and it is in violation of The Plaintiff's fourth amendment right, in which the defendants are jointly and severally responsible for.

76. E. <u>Illegal Search</u>-The defendants acting under color of law know that the <u>right of privacy</u> must reasonably yield to the right of search is as a rule to be decided by a judicial officer, and not a policeman. see: Wongsun 371 u.s. 471.

77. F. <u>False Evidence</u>-Defendant Joseph Gansky(BTPD), Joseph George(PPD), and Dale Keddie(Bucks county DA's Office) upon evidence of the record they have gave testimony that The Plaintiff gave them consent for them to enter into The Plaintiff's residence. Upon further assessment of that statement by the defendants by the government, it was said by the government that consent giving by The Plaintiff more than likely did not happen. That testimony giving by the defendants influenced probable cause against The Plaintiff in result of him being confined in prison in violation of Plaintiff's fourth amendment rights. <u>see: the gov't Motion to the Court of Appeals, March 9, 2021.</u>

78. Monell Claim-Defendant Joseph George(PPD), Joseph Gansky(BTPD), Matthew Tobie(BTPD), Christopher Grayo(BTPD), Jillian Fox(BTPD), Douglas Muraglia(NJSP) are being sued in their official capcity as it relates to this claim. These officers were the first officers collectively together when The Plaintiff answered his door.

79. PPD, BTPD, and NJSP are municipalities that failed to train their officers or did these officers think that they have the right to self govern when they are acting under color of state law. The ruse the defendants used on The Plaintiff is an act that is widespread throughout these above municipalities as a normalcy. <u>see: exhibit A-3.</u>

7

80. There were many altrnative for the defendants to do in order not to violated The Plaintiff's rights. However they planed, schemed, and acted contrary to the laws or procedures according to the United States constitution, not respecting The Plaintiff's rights. Jointly and severally the defendants are accountable in their official capacity for their violations against The Plaintiff.

## HUMAN RIGHTS AND FREEDOM VIOLATIONS

81. The Plaintiff reallege and incorporate by reference paragraphs 1-80.

82. A. <u>Malicious Prosecution</u>   D. <u>Illegal Entry</u>   G. <u>Monell Claim</u>
    B. <u>Due Process Violation</u>   E. <u>Illegal Search</u>
    C. <u>Illegal Seizure</u>   F. <u>False Evidence</u>

83. For the above reasons, The Plaintiff(Mack Jones) have been violated by the defendants jointly and severally in their individual and official capacity for rights enumerated herein.

84  The Plaintiff have no plain adequate or complete remedy at law to redress the wrongs describe herein. The Plaintiff has been enduring a continuous prejudice because he is still irreparable injured by the conduct of the defendants unless this Court grants the declatory, compensatory, and injunctive relief in which The Plaintiff seeks.

85. The Plaintiff's is entitled to the standard 200 times punitive and four times compensatory damages for said injuries belonging to harms and sufferings. In the interest of moderation, the damages may be so high that punitive damages will only be assessed at five times.

86. Each violation listed above under A-G represents damages in amount of $10,000.00 per offense, per defendant. In total according to the record its 20 defendants.

87. Item A for <u>Malicious Prosecution</u> is valued by the day-to-day lost The Plaintiff have been enduring since July 17, 2018, the day of the defendants violating his rights enumerated herein, and still at a lost of his home, business, and his sterling reputation tarnished, his credit worthiness blemished, and his family ties impaired.

## PRAYER FOR RELIEF

88. The Plaintiff reallege and incorporate by reference paragraphs 1-87.

89. The Plaintiff respectfully prays that this Court recognize that the defendants named and unnamed herein deprived Plaintiff of his constitutional rights under color of state law. Recognize the defendants actions was in bad faith for the purpose of retaliation against Plaintiff because he was a target of their investigation for six months and their was no probable cause to arrest him. Being over zealous, the defendants subjected Plaintiff and themselves to an unnecessary harm.

90. The Plaintiff prays that this Court recognize that Plaintiff experienced emotional distress as a result of the first indictment that from about from the defendants illegal acts, and then additional distress

as a result of the second superseding indictment.

91. Compensatory damages in amount of $10,000.00 against each defendant per violation jointly and severally.

92. Punitive damages in amount of $10,000.00 against each defendant, per violation jointly and severally.

93. Nominal damages $1.00.

94. Declaratory Relief.

95. A jury trial on all issues triable by jury.

96. The Plaintiff ask this Court for additional relief it deems just, proper, and equitable. For Item A, pursuant to Trezevant v City of Tampa, 741 F.2d 336(11th cir. 1984) $1,800,000.00 per day of incarceration has been equitable. I pray this Court consider The Plaintiff's hardship along with this ruling.

97. Rights violation enumerated 7 x 20 defendants
    compensatory damages----------------------------------
    punitive damages--------------------------------------
    Malicious prosecution---------------------------------

| QTY | RATE | AMOUNT |
|---|---|---|
| 90 | 10,000 | 900,000 |
| 4x |  |  |
| 5x |  |  |

98. The Plaintiff contemplate in gross agony, hoping the United States would do right by The Plaintiff and comply with its own laws upon which The Plaintiff's claims are based.

99. The Plaintiff pray that the United States don't make him a victim of said defendant's anymore than he has been.

Dated _____
respectfully submitted

VERIFICATION

100. The Plaintiff reallege and incorporate by reference paragraphs 1-99.

101. I have read the foregoing complaint and hereby verify that the matters therein are true. I certify under penalty of perjury that the foregoing is true and correct.

SIGNATURE _____

9

MATT JONES 76957-066
F.C.I BENNETTSVILLE

P.O. BOX 52020

Bennettsville S.C. 29512



RECEIVED
AUG 0 3 2023
BY:_____

UNITED STATES DISTRICT COURT

Clerk of the Courts

601 Market Street

Philadelphia PA 19106



CERTIFIED MAIL
7014 1200 0000 8679 2131
LEGAL MAIL

Federal Correctional Institution
696 Muckerman Rd., Bennettsville, S.C. 29512
Date: 07-31-2023

The enclosed letter was processed through Special Mailing procedures for forwarding to you. The letter has been neither opened nor inspected. If the writer raises a question or problem over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer enclosed correspondence for forwarding to another addressee, please return the enclosure to the above address.



U.S.M.S. X-RAY