IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MATT JONES** *AKA MACK JONES*, | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 23-CV-2967** |
| | : | |
| **JOSEPH GANSKY,** *et al.*, | : | |
| **Defendants.** | : | |

## ORDER

AND NOW, this 17th day of October, 2023, upon consideration of Plaintiff Matt Jones *aka Mack Jones*'s Complaint (ECF No. 1), it is **ORDERED** that:

1. The Clerk of the Court is **DIRECTED** to amend the caption of this case to refer to Plaintiff as "Matt Jones *aka Mack Jones*."

2. In accordance with the accompanying Memorandum, the following claims from Jones's Complaint are **DISMISSED WITH PREJUDICE** pursuant 28 U.S.C. § 1915A(b)(1): all official capacity claims; the request for declaratory relief; and all claims for illegal seizure, illegal entry, illegal search, due process violations, and false evidence.

3. The case shall proceed at this time to service by the U.S. Marshal Service, in accordance with 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3), against the following Defendants:

    a. Joseph Gansky

    b. Joseph George

    c. Matthew Tobie

    d. Christopher Grayo

    e. Jillian Fox

    f.  Dale Keddie

    g.  Douglas Muraglia

4. In anticipation of service by the U.S. Marshal Service, the Clerk of Court is **DIRECTED** to send a copy of this Order to Jones together with one copy of the U.S. Marshal Service of Process Receipt and Return Form USM-285 ("USM-285 Form") for each Defendant listed in paragraph three (3) of this Order.[1]  The Clerk of Court is further **DIRECTED** to note the mailing on the docket.

5. To proceed with service, Jones must complete a USM-285 Form for each Defendant listed in paragraph three (3) and return the completed form(s) to the Clerk's Office within **twenty-one (21) days** of the date of this Order.  Service cannot be made by the U.S. Marshal Service until Jones completes and returns these forms.

6. In completing the USM-285 Form(s), Jones is instructed as follows:

  a.  Jones should complete a separate USM-285 Form for each Defendant listed in paragraph three (3) of this Order.  Only one Defendant's name should appear on each USM-285 Form.

  b.  Jones shall not complete a USM-285 Form for any individual or entity that is not listed as a Defendant in paragraph three (3) of this Order, including but not limited to any Defendant who already has been dismissed from this case.

  c.  Jones should include as much identifying information as possible for each Defendant, including the Defendant's first name, last name, and, where relevant, the Defendant's badge number.

---

[1] This form is available online at https://www.usmarshals.gov/sites/default/files/media/document/usm-285_process-receipt.pdf.

    d.  Jones must provide each Defendant's complete address at a location where that Defendant can be served. The U.S. Marshals Service cannot serve a Defendant at a P.O. Box address. It is Jones's responsibility, and not the duty of the Court, the Clerk's Office, or the Marshals Service, to ascertain the addresses of the Defendants. *See, e.g.*, *Meade v. Reynolds*, 810 F. App'x 86, 88 (3d Cir. 2020) (*per curiam*) ("[T]he plaintiff must provide the district court with sufficient information to enable the Marshals Service to effectuate service of process." (citing *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993)); *Harris v. McMullen*, 609 F. App'x 704, 707 (3d Cir. 2015) (*per curiam*) ("Harris has not pointed to any authority instructing that a District Court or the USMS must engage in extraordinary measures to assist an [*in forma pauperis*] litigant in locating a defendant's address for the purpose of service of process, and we are not aware of any.").

    e.  Failure to include a proper address may result in the Defendant not being served and/or the dismissal of Jones's claims against any such Defendant.

7. Jones is cautioned that failure to return the completed USM-285 Form(s) in accordance with the above instructions may result in dismissal of this case for failure to prosecute without further notice from the Court.

8. The Clerk of Court is **DIRECTED** to docket any USM-285 Forms that Jones returns in this case.

9. The Clerk of Court is **DIRECTED** not to issue summonses at this time. The Court will direct issuance of summonses upon receipt of properly completed USM-285 Forms.

**BY THE COURT:**

*S/KAI N. SCOTT*
**KAI SCOTT, J.**